**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| WILLIE LEE WATTERS, III,<br>Plaintiff,<br>v.<br>CDCR, et al.,<br>Defendants. | Case No. 1:25-cv-00202 JLT SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR AN EXTENSION OF TIME<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DISMISSING ACTION WITHOUT PREJUDICE, AND DIRECTING THE CLERK OF COURT TO CLOSE THIS CASE<br><br>(Docs. 23, 24) |

Willie Lee Waters, III, asserts that he suffered violations of his civil rights and seeks to hold the defendants—including Governor Gavin Newsom, Warden Kevin Hixon, S. Marquez, and Bravo—liable pursuant to 42 U.S.C. § 1983. (*See generally* Doc. 12.) The magistrate judge screened the complaint, found Plaintiff failed to state a cognizable claim, and dismissed the complaint with leave to amend on March 20, 2026. Plaintiff was ordered to file any second amended complaint within 30 days. (Doc. 14.)

Plaintiff sought, and received, three extensions of time to file an amended complaint. (Docs. 15, 16, 17, 18, 20, 21.) In the most recent order, on July 16, 2026, the Court ordered Plaintiff to file any amended pleading within 30 days. (Doc. 21 at 2.)

After Plaintiff failed to file his second amended complaint, the magistrate judge found that Plaintiff failed to prosecute this case and filed to comply with the Court's order. (Doc. 23 at 2.)

The magistrate judge found terminating sanctions are appropriate for these failures after considering the factors identified by the Ninth Circuit in *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986). (*Id.* at 2-3.) Therefore, the magistrate judge recommended the Court dismiss the action without prejudice. (*Id.* at 3.)

On August 27, 2026, the Court served the Findings and Recommendations on Plaintiff and informed him that any objections were due within 14 days. (Doc. 14 at 9.) The Court also advised him that the failure to file timely objections may result in the waiver of certain rights on appeal. (*Id.*, citing *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014).) In response, Plaintiff filed objections to the Findings and Recommendations, asserting that he has been working to do research and respond to the Court's order. (Doc. 24 at 1-2.) Plaintiff asserts that his progress was slow because the prison facility had another lockdown. (*Id.* at 2.) Therefore, he requests an additional extension of time. (*Id.*)

Notably, the Court previously informed Plaintiff that "no further extensions of time will be granted absent extraordinary circumstances." (Doc. 21 at 2, emphasis in original.) The Court finds Plaintiff fails to show sufficient circumstances to support his request for a fourth extension of time. The Court provided Plaintiff with all applicable legal and pleading standards related to the claims raised in the prior screening orders. (Docs. 9, 14.) Plaintiff was not required to do additional legal research to cure the pleading deficiencies identified by the Court. There is nothing in the record to support a conclusion that Plaintiff lacked the time or ability to file a second amended complaint by the final deadline ordered by the Court.

According to 28 U.S.C. § 636(b)(1), this Court performed a *de novo* review of this case. Having carefully reviewed the entire matter, the Court concludes that the Findings and Recommendations are supported by the record and by proper analysis. Despite receiving more than five months to file a second amended complaint, Plaintiff failed to file a second amended complaint as required to prosecute his claims. Thus, the Court **ORDERS**:

1. Plaintiff's request for an extension of time (Doc. 24) is **DENIED**.
2. The Findings and Recommendations dated August 27, 2026 (Doc. 23) are **ADOPTED** in full.

3. The action is **DISMISSED** for failure to prosecute and failure to comply with the Court's order.

4. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated: _November 2, 2026_

UNITED STATES DISTRICT JUDGE